B 1 (Official Form 1) (12/07)

| United States Bankruptcy Court<br>for the Western District of Wisconsin | Voluntary Petition |
|---|---|

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle): **Julia M. White** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**none** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Social-Security/Complete EIN or other Tax-I.D. No. (if more than one, state all):<br>**7632** | Last four digits of Social-Security/Complete EIN or other Tax-I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**2312 Richmond Ct.**<br>**Sun Prairie, WI 53590**  ZIP CODE **53590** | Street Address of Joint Debtor (No. and Street, City, and State):  ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Dane** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):  ZIP CODE | Mailing Address of Joint Debtor (if different from street address):  ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):  ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☒ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7     ☐ Chapter 15 Petition for<br>☐ Chapter 9          Recognition of a Foreign<br>☐ Chapter 11         Main Proceeding<br>☐ Chapter 12     ☐ Chapter 15 Petition for<br>☒ Chapter 13         Recognition of a Foreign<br>                          Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."     ☐ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B 1 (Official Form 1) (12/07)                                                                                                                            Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) |||
|---|---|---|
| Location<br>Where Filed:    **none** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

<table>
<tr><td colspan="2" align="center"><b>Exhibit A</b></td><td colspan="2" align="center"><b>Exhibit B</b><br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)</td></tr>
<tr><td colspan="2">(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br><br>☐    Exhibit A is attached and made a part of this petition.</td><td colspan="2">I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X <i>Kenneth J. Doran</i>    2/19/08<br>    Kenneth J. Doran    (Date)</td></tr>
</table>

| Exhibit C |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐    Yes, and Exhibit C is attached and made a part of this petition.<br><br>☒    No. |

| Exhibit D |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>**Exhibit D completed and signed by each debtor is attached and made a part of this petition.** |

| Information Regarding the Debtor - Venue<br>(Check any applicable box.) |
|---|
| ☒    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| Certification by a Debtor Who Resides as a Tenant of Residential Property<br>(Check all applicable boxes.)<br>**n/a** |
|---|
| ☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br><br>                (Name of landlord that obtained judgment)<br><br><br>                (Address of landlord)<br><br>☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

Official Form 1 (10/06) _____   Form B1, Page 3

**EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT**

1. Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.

### Notice Concerning Domestic Support Obligations

The petitioner has no domestic support obligations within the meaning of 11 U.S.C. §1307(a)(11) and 101(14A).

### Statement Concerning Payment advices

No applicable payment advices (pay stubs) of Julia M. White exist.

I declare under penalty of perjury that the information provided in this petition is true and correct.

I am aware that we may proceed under chapter 7, 11, 12, or 13 of Title 11, U.S. Code, and understand the relief available under each such chapter and choose to proceed under the chapter stated in the petition.

I request relief in accordance with the chapter of the Bankruptcy Code specified in the petition.

_____2/19/08_____   _____J.M. White_____
date                  Julia M. White

                      SIGNATURE OF ATTORNEY

_____2/19/05_____   /s/Kenneth J. Doran
date                  Kenneth J. Doran
                      Doran Law Offices
                      2101 Fox Avenue
                      Madison, WI  53711-1920
                      (608) 255-2409

UNITED STATES BANKRUPTCY COURT       WESTERN DISTRICT OF WISCONSIN

In re

Julia M. White,

Case No. _____

         Debtor.

Schedules and Statement of Affairs

I, the petitioner in this case, declare under penalty of
perjury that I have read the answers contained in the attached
schedules and statement of financial affairs and any attachment
thereto and that they are true and correct.

___2/19/08_____        ___Julia M. White_____
date                    Julia M. White

Kenneth J. Doran
Doran Law Offices
2101 Fox Avenue
Madison, WI  53711-1920
(608) 255-2409

Petitioner: Julia M. White    Case No. ____

United States Bankruptcy Court for the Western District of Wisconsin

## Summary of Schedules

| Name of Schedule | Attached | No. of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| | | | | Amounts Scheduled | |
| A. Real property | yes | 1 | $ 240,000.00 | ############ | ############ |
| B. Personal property | yes | 1 | $  12,650.87 | ############ | ############ |
| C. Property claimed as exempt | yes | 1 | ############ | ############ | ############ |
| D. Creditors holding secured claims | yes | 1 | ############ | $ 291,435.96 | ############ |
| E. Creditors holding unsecured priority claims | yes | 1 | ############ | $      566.96 | ############ |
| F. Creditors holding unsecured non-priority claims | yes | 4 | ############ | $ 209,220.48 | ############ |
| G. Executory contracts and unexpired leases | yes | 1 | ############ | ############ | ############ |
| H. Co-debtors | yes | " | ############ | ############ | ############ |
| I. Current income of individual debtor | yes | 1 | ############ | ############ | $  6,450.00 |
| J. Current expenditures of individual debtor | yes | 1 | ############ | ############ | $  6,147.14 |
| Total sheets 12 | | | ############ | ############ | ############ |
| Total assets | | | $ 252.650.87 | ############ | ############ |

Total liabilities        $ 501,223.40

Doran Law Offices     2101 Fox Avenue     Madison, WI  53711-1920     (608) 255-2409

Petitioner: Julia M. White   Case No. _____

**STATISTICAL SUMMARY OF CERTAIN LIABILITIES/RELATED DATA (28 USC 159)**

This information is for statistical purposes only under 28 U.S.C.
Summarize the following types of liabilities, as reported in the
Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Sch. E) | $ 0 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) (whether disputed or undisputed) | $ 566.96 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $ 0 |
| Student Loan Obligations (from Sch. F) Schedule F) | $ 144,036.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0 |
| TOTAL | $ 144,602.96 |

State the following:

| | |
|---|---|
| Average Income (from Schedule I.16) | $ 6,450.00 |
| Average Expenses (from Schedule J.18) | $ 6,147.14 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | $ |

State the following:

| | |
|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | $ 45,965.35 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 566.96 |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | $ 0 |
| 4. Total from Schedule F | $ 209,220.48 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | $ 255,185.83 |

Petitioner: Julia M. White     Case No. _____

## SCHEDULE A -- REAL PROPERTY

| Description | Nature of petitioner's interest | Value | Approx. total liens (see Sch. D) |
|---|---|---|---|
| 2312 Richmond Ct. Sun Prairie, WI  53590 Lot 69, Gateway, in the City of Sun Prairie, Dane County, Wisconsin | owner with partner | $240,000.00  tax fmv: $235,289.00 | $285,965.35 |

## SCHEDULE B -- PERSONAL PROPERTY

1. Cash on hand  .   .   .   .   .   .   .   .   .   .   $     50.00

2. Checking and savings accounts, CD's or similar accts.  $     50.87
        Summit CU  checking   1/28/08  $15.87
        Summit CU  checking   1/28/08  $ 5.00
        E-Trade              1/28/08  $30.00

3. Security deposits with landlord, utilities, etc.   .   $    100.00

4. Household goods and furnishings  .   .   .   .   .   $  2,900.00
        refrigerator, $100; stove/oven, $100;
        living room furniture, $500; bedroom
        furniture, $500; washer, $100; drayer $100;
        tv, $100; stereo, $100; furniture, $100;
        appliances, $100; kitchen items, $100;
        household goods, $1,000

5. Books, pictures, artwork, antiques, collections   .   $    150.00

6. Wearing apparel   .   .   .   .   .   .   .   .   .   $    300.00

7. Furs and jewelry  .   .   .   .   .   .   .   .   .   $     50.00

8. Firearms and sports, photographic, and hobby equipment $     50.00

9. Interests in insurance policies   .   .   .   .   .   $  3,000.00
        Thrivent life insurance policies

10. Annuities .   .   .   .   .   .   .   .   .   .   .   $   unknown
        retirement annuities in payment status;
            see schedule J; market value if any unknown

11. Education IRA or similar account   .   .   .   .   .   $        0

12. Other pension, IRA, Keough, profit sharing plans, etc. $        0

Doran Law Offices    2101 Fox Avenue    Madison, WI  53711-1920    (608) 255-2409

Petitioner: Julia M. White   Case No. ____

13. Stocks and interests in corporations or businesses .   $   0

14. Interests in partnerships or joint ventures   .   .   $   0

15. Government or corporate bonds and other instruments   $   0

16. Accounts receivable   .   .   .   .   .   .   .   $   0

17. Alimony, support, property settlement from divorce .   $   0

18. Tax refunds or other liquidated debts   .   .   .   $   0

19. Equitable or future interests or life estates, etc.   $   0

20. Interests in estate of decedent, life insurance, etc.   $   0

21. Other contingent and unliquidated claims, setoffs, etc. $   0

22. Patents, copyrights, or other intellectual property   $   0

23. Licenses, franchises and general intangibles   .   .   $   0

24. Customer lists or similar business records .   .   .   $   0

25. Automobiles, trucks, trailers, and other vehicles  .   $   6,000.00
         2003 Kia Sedona, $3,000
         2003 Kian Optima, $3,000

26. Boats, motors, and accessories   .   .   .   .   .   $   0

27. Aircraft and accessories   .   .   .   .   .   .   $   0

28. Office equipment, furnishings, and supplies   .   .   $   0

29. Business machinery, fixtures, furnishings and supplies $   0

30. Inventory .   .   .   .   .   .   .   .   .   .   $   0

31. Animals with monetary value   .   .   .   .   .   $   0

32. Crops growing or harvested   .   .   .   .   .   $   0

33. Farming equipment and implements   .   .   .   .   $   0

34. Farming supplies, chemicals and feed   .   .   .   .   $   0

35. Other personal property of any kind not already listed $   0

                    Total                    $ 12,650.87

Doran Law Offices     2101 Fox Avenue     Madison, WI  53711-1920     (608) 255-2409

Petitioner: Julia M. White      Case No. ____

SCHEDULE C -- PROPERTY CLAIMED AS EXEMPT

   The petitioner elects the federal exemptions pursuant to 11 U.S.C.
522(b)(2).
   All property is located at the petitioner's residence and kept for
personal or household use, unless stated or implied otherwise.
   Values of property as stated in Schedules A and B are incorporated by
reference.
   All legal exemptions within the above election are claimed, whether
or not enumerated.  Some property may be exempt under more than one
provision, and the petitioner claim any benefit arising from such
alternative exemptions.
   Petitioner claims all scheduled assets and all of petitioner's
interest in such assets exempt.  Particularly, and not by way of
limitation, if the Amount Claimed below is equal to or greater than
the value of the asset as stated in Schedules A and B; or if it is
greater than petitioner's  equity in such asset as shown by Schedules
A, B, and D, then the petitioner claims the asset entirely exempt for
the purposes of the rule of *Taylor v. Freeland & Kronz*, 503 U.S. 638,
112 S. Ct. 1644 (1992).

| Property | Statute<br>11 U.S.C. 522(d)--- | Amount Claimed |
|---|---|---|
| All property shown in<br>Schedule B, 4.-8. | (3) | $ 3,450.00 |
| cash and accounts | (1)&(5) | $   200.87 |
| homestead | (1) | $ 10,075.00 |
| life insurance | (7)&(8) | $ 3,000.00 |
| 2003 Kia Sedona | (2) | $ 3,000.00 |
| 2003 Kia Optima | (1)&(5) | $   135.43 |
| retirement annuitits<br>  Debtor asserts that this asset is<br>  excluded from the bankruptcy estate<br>  pursuant to 541(c)(2); exemption<br>  is claimed to the extent that the<br>  asset is included in the estate | (b)(3)(C),  (d)(10) | $unknown |
| Any additional property<br>or equity in above prop-<br>erty that may exist | (1)&(5)      $10,863.70 | |
| | Total claimed exempt | $19,861.30 |

Doran Law Offices    2101 Fox Avenue    Madison, WI  53711-1920    (608) 255-2409

Petitioner:  Julia M. White     Page 1

Schedule D -- Creditors Holding Security
and Statement of Intention

    The following creditors apparently hold security; security is not
hereby conceded.  Subject to further examination, the petitioner does
not believe that any claim is contingent, unliquidated, or disputed
unless so stated.  The unsecured portion of each claim is the amount
of the claim less collateral values, unless otherwise indicated.  As to
claims secured by personalty, the petitioner's intention is to reaffirm
unless otherwise indicated.  All statements of intention are dependent
on the creditor asserting and documenting the existence, validity and
amount of a security interest for which a statement is required; and
upon agreement on mutually acceptable terms .  The petitioner reserves
the right to invoke any applicable lien avoidance provision.

| Creditor | Collateral, value | Amount of Claim |
|---|---|---|
| 1.        Acct. No. 0022517767 | | |
| Chase Home Finance LLC | loan | $250,891.19 |
| P. O. Box 78116 | homestead, $240,000 | |
| Phoenix, AZ  85034-9700 | | |

      Mortgage recorded 3/9/07, 4287767;no arrearage; Unsecured
                        portion: $10,891.19

| | | |
|---|---|---|
| 2.        Acct. No. 11374234L16 | | |
| Great Western Credit Union | loan | $2,606.04 |
| 401 S. Yellowstone Dr. | 2003 Kia Sedona, $3,000.00 | |
| Madison, WI  53719-1042 | | |
| | 4/03 | |

    Lien shown on title; Unsecured portion: $0

| | | |
|---|---|---|
| 3.        Acct. No. 11374234L16.1 | | |
| Great Western Credit Union | loan | $2,864.57 |
| 401 S. Yellowstone Dr. | 2003 Kia Optima, $3,000 | |
| Madison, WI  53719-1042 | | |
| | 4/03 | |

    Lien shown on title; Unsecured portion: $0

| | | |
|---|---|---|
| 4.        Acct. No. 15965130 | | |
| Household Finance | loan | $35,074.16 |
| 1301 Tower Rd. | homestead, $240,000.00 | |
| Schaumburg, IL  60173 | | |
| | 11/06 | |

    Mortgage recorded 11/29, 4257814; lien to be avoided, to be paid as
      unsecured; Unsecured portion: $35,074.16

| | |
|---|---|
| Total for Schedule D | $291,435.96 |

Petitioner:  Julia M. White     Page 1

Schedule E -- Creditors Having Priority

    The following creditors apparently hold priority claims; priority
is not hereby conceded.  The nature of the claim is taxes or tax
penalty unless otherwise indicated.  Subject to further examination,
the petitioner does not believe any claim is contingent, unliquidated,
or disputed unless so stated.  Unless otherwise stated and subject
to the above, the apparent priority applies to the entire claim.

| Creditor | | | | | | | | | Amount of Claim |
|---|---|---|---|---|---|---|---|---|---|

1.          Acct. No.
Wis. Dept. of Revenue                    taxes                    $566.96
P. O. Box 8901
Madison, WI  53708-8901
                                                  2006
    Personal income taxes

        Total for Schedule E                    $566.96

Petitioner:  Julia M. White    Case No. ____

Schedule F -- Unsecured Claims Without Priority                     Page 1

| Creditor | Consideration | Date Incurred | Amount of Claim |
|---|---|---|---|

Subject to further examination, the petitioner does not believe any claim is contingent, unliquidated, disputed or subject to setoff unless so indicated.

| | | | |
|---|---|---|---|
| 1.          Acct. No. 12/07 | | | |
| Americash Advance LLC | | | $1,950.00 |
| 901 Market St.  460 | | | |
| Wilmington, DE  19801 | | | |
| | | | |
| 2.          Acct. No. 5178057259520562 | | | |
| Capitol One | credit card | | $3,416.45 |
| P. O. Box 60024 | | | |
| City of Industry, CA  91716-0024 | | | |
| | | 2006-08 | |
| 3.          Acct. No. | | | |
| Capitol One | | | duplicate |
| P. O. Box 70886 | | | |
| Charlotte, NC  28272-9903 | | | |
| duplicate | | | |
| 4.          Acct. No. 5801000003415159 | | | |
| Capitol One | credit card | | $3,907.38 |
| P. O. Box 105131 | | | |
| Atlanta, GA  30348-5131 | | | |
| | | 4/07 | |
| 5.          Acct. No. 67490012-0308916 | | | |
| Citifinancial | loan | | $15,057.39 |
| P. O. Box 6931 | | | |
| The Lakes, NV  88901-6931 | | | |
| | | 1/07 | |
| 6.          Acct. No. 674900150308924 | | | |
| Citifinancial | loan | | $15,057.39 |
| P. O. Box 6931 | | | |
| The Lakes, NV  88901-6931 | | | |
| | | 1/07 | |
| 7.          Acct. No. | | | |
| Citifinancial | | | duplicate |
| 5227 High Crossing Blvd. | | | |
| Madison, WI  53718-6391 | | | |
| duplicate | | | |

Petitioner:  Julia M. White    Case No. ____

Schedule F -- Unsecured Claims Without Priority                      Page 2

| Creditor | Consideration | Date Incurred | Amount of Claim |
|---|---|---|---|
| 8.          Acct. No. 4610078736455544 | | | |
| First Premier Bank Visa | credit card | | $258.82 |
| P. O. Box 5147 | | | |
| Sioux Falls, SD  57117-5519 | | | |
| 9.          Acct. No. | | | |
| GLELSI/CitiBank NA | loan | | $18,500.00 |
| P. O. Box 7860 | | | |
| Madison, WI  53707 | | | |
|    Student loan; conditional discharge pending | | | |
| 10.          Acct. No. 941902061171665 | | | |
| Household Finance Corp. III | loan | | $16,620.16 |
| 2049 McCoy Rd. | | | |
| Sun Prairie, WI  53590 | | 3/07 | |
| 11.          Acct. No. | | | |
| Household Finance Corp. III | | | duplicate |
| 1421 Kristina Way | | | |
| Chesapeake, VA  23320-8917 | | | |
| 12.          Acct. No. | | | |
| Paydaymax | loan | | $650.00 |
| 130-918-16 Ave. North West | | | |
| Calgary Alberta T2M 0K3 | | | |
| Canada | | | |
| 13.          Acct. No. 6011430000006380 | | | |
| Purpose Credit | credit card | | $322.00 |
| P. O. Box 105591 | | | |
| Atlanta, GA  30349 | | | |
| 14.          Acct. No. | | | |
| Purpose Credit | | | duplicate |
| 600 Westpark Dr | | | |
| Peachtree City, GA  30348 | | | |
|    Duplicate | | | |

Petitioner:  Julia M. White    Case No. ____

Schedule F -- Unsecured Claims Without Priority                Page 3

| Creditor | Consideration | Date Incurred | Amount of Claim |
|---|---|---|---|
| 15.         Acct. No. 8031 | | | |
| Quick Click Loans | loan | | $3,500.00 |
| 3440 Preston Rdige Rd. 500 | | | |
| Alpharetta, GA  30005-3823 | | | |
| | | 7/07 | |
| 16.         Acct. No. 114565400 | | | |
| Summit Credit Union | loan | | $1,500.00 |
| 307 E. Wilson St. | | | |
| Madison, WI  53703 | | | |
| 17.         Acct. No. | | | |
| Transworld Systems | | | duplicate |
| 6425 Odana Rd. B | | | |
| Madison, WI  53719 | | | |
|     Agent of Weedman | | | |
| 18.         Acct. No. | | | |
| U.S. Dept of Education | loan | | $125,536.00 |
| P. O. Box 4609 | | | |
| Utica, NY  13504 | | | |
|     Student loans; conditional discharge pending | | | |
| 19.         Acct. No. | | | |
| United Cash Loans | loan | | $390.00 |
| c/o Domains by Proxy, Inc. | | | |
| 15111 N. Hayden Rd. Ste 160 PMB 353 | | | |
| Scottsdale, AZ  85260 | | | |
| 20.         Acct. No. | | | |
| Value Services of Wisconsin | loan | | $1,942.50 |
| d/b/a Check Advance | | | |
| 505 W. Main St. | | | |
| Sun Prairie, WI  53590 | | 1/08 | |
| 21.         Acct. No. 278500018247363 | | | |
| Weedman | services | | $185.00 |
| 2211 Eagle Dr. | | | |
| Middleton, WI  53562 | | | |
| | | 2007 | |

Doran Law Offices     2101 Fox Avenue     Madison, WI  53711-1920     (608) 255-2409

Petitioner:  Julia M. White   Case No. _____

Schedule F -- Unsecured Claims Without Priority                Page 4

| Creditor | Consideration | Date Incurred | Amount of Claim |
|---|---|---|---|
| -   -   - | -   -   - | -   - | -   -   - |
| 22.    Acct. No. | | | |
| Wis. Dept. of Revenue | taxes | | $427.39 |
| P. O. Box 8901 | | | |
| Madison, WI  53708-8901 | | 2002 | |
|    Personal income taxes | | | |

                       Total for Schedule F                  $209,220.48


          Total liabilities, Schedules D, E, F                $501,223.40

          Total creditors (excluding duplicates), Sched. D, E, F        22

Petitioner: Julia M. White     Case No. _____

## SCHEDULE G -- EXECUTORY CONTRACTS AND UNEXPIRED LEASES

All provisions under any executory contract or unexpired lease
related to choice of law, venue or arbitration are hereby rejected.

| Name and address of other party | Description of contract |
| --- | --- |

## SCHEDULE H -- CODEBTORS

| Name and address of codebtor | Name and address of creditor |
| --- | --- |
| Cynthia J. Ulsrud<br>2312 Richmond Ct.<br>Sun Prairie, WI   53590 | Citifinancial<br>HFC<br>First Premier Bank<br>Chase Home Finance<br>Great Wisconsin CU<br>addresses as shown on<br>  Schedules D, F |

Petitioner: Julia M. White    Case No. _____

SCHEDULE I --CURRENT INCOME OF INDIVIDUAL DEBTOR

Marital status:      Not married

Dependents:    Age             Relationship
               9               daughter
               partner provides care to petitioner and
               daughter; no net monetary contribution


Occupation or job title      Disabled/retired

Employer                     n/a
Employer's address


How long employed there

How often are you paid?

Monthly gross                $
Estimated overtime           $

SUBTOTAL                     $

Deductions

Payroll taxes, social security   $
Insurance                        $
Union dues                       $
Other: _____         $

SUBTOTAL OF PAYROLL DEDUCTIONS   $

TOTAL NET MONTHLY TAKEHOME PAY   $          0

Other income (per month):

Other job or jobs                $          0
Business or farm income          $          0
Real property income             $          0
Interest and dividends           $          0
Alimony or child support         $          0
Social security                  $    2,144.00 for petitioner, daughte
Pension or retirement income     $    3,300.00 VA disability, net
Wisconsin/Broadspire disability  $    1,006.00

TOTAL MONTHLY INCOME             $    6,450.00

Describe any increase or decrease in income reasonably anticipated
to occur within the year following the filing of this document.
    None known

Doran Law Offices    2101 Fox Avenue    Madison, WI  53711-1920    (608) 255-2409

Petitioner: Julia M. White      Case No. _____

SCHEDULE J -- Current Expenditures

| | | |
|---|---|---:|
| 1. | Rent or mortgage. . . . . . . . . . | $ 2,622.06 |
| | includes real estate tax? yes        insurance? no | |
| 2. | a. Utilities-- Electricity and heat. .. . . . | $ 200.00 |
| | b. Water and sewer . . . . . . . . . | $ 30.00 |
| | c. Telephone . . . . . . . . . . | $ 57.00 |
| | d. Cable TV . . . . . . . . . . | $ 110.00 |
| | e. Other utility  -- cell phone, internet . . . | $ 219.00 |
| | Other utiility -- water softener | $ 44.00 |
| 3. | Home repairs and upkeep . . . . . . . | $ 200.00 |
| 4. | Food. . . . . . . . . . . . | $ 450.00 |
| 5. | Clothing. . . . . . . . . . . | $ 150.00 |
| 6. | Laundry and cleaning. . . . . . . . | $ 160.00 |
| 7. | Medical and dental expenses . . . . . . | $ 200.00 |
| 8. | Transportation (other than car payment) . . . | $ 320.00 |
| 9. | Recreation, entertainment, newspapers and magazines . | $ 150.00 |
| 10. | Charitable contributions. . . . . . . . | $ 108.00 |
| 11. | Insurance (not paid through mortgage or pay deduction) | |
| | a. Homeowner's or renters . . . . . . . | $ 60.25 |
| | b. Life . . . . . . . . . . . | $ 360.00 |
| | c. Health . . . . . . . . . . . | $ 210.00 |
| | d. Auto . . . . . . . . . . . | $ 73.83 |
| | e. Other. . . . . . . . . . . | $ 0 |
| 12. | Taxes (not paid through pay deduction or mortgage) . | $ 0 |
| | | 0 |
| 13. | Installment payments to: | |
| | Auto: _____ . . . . . | $ 0 |
| | _____ . . . . . | $ 0 |
| | _____ . . . . . | $ |
| 14. | Alimony or support . . . . . . . . | $ 0 |
| 15. | Payments for support of additional dependents | |
| | not living at debtor's home) . | $ 0 |
| 16. | Business expenses (attach itemized list). . . | $ 0 |
| 16. | Reserve for irregular and unanticipated expenses . | $ 0 |
| 17. | Houskeeper_____ . . . . | $ 210.00 |
| | Lawn maintenance_____ | $ 53.00 |
| | School and child expenses_____ . . . . . | $ 100.00 |
| | Pet food and care_____ . . . . . | $ 60.00 |
| 18. | Total: . . . . . . | $ 6,147.14 |

19. Any increase or decrease in expenditures reasonably
anticipated to occur within the year following
the filing of this document: no significant change expected

| | | |
|---|---|---:|
| 20. | a. Total income from Schedule I . . . . . . | $ 6,450.00 |
| | b. Expenses from Line 18 above . . . . . . | $ 6,147.14 |
| | c. Monthly net income (a. minus b.) . . . . . | $ 302.86 |

Doran Law Offices    2101 Fox Avenue    Madison, WI  53711-1920    (608) 255-2409

Petitioner: Julia M. White      Case No. _____

Form 7.   STATEMENT OF FINANCIAL AFFAIRS

**1. Income from employment or operation of business**   State the
gross amount of income the debtor has received from employment,
trade, or profession, or from operation of the debtors' business from
the beginning of this calendar year to the date this case was com-
menced.   State also the gross amounts received during the two years
immediately preceding this calendar year.

| Source | 2008 amount | 2007 amount | 2006 amount |
|--------|-------------|-------------|-------------|
| State of Wis. | | | 42,719.00 |

**2.   Income other than from employment or operation of business**
State the amount of income received by the debtors other than from
employment, trade, profession, or operation of the debtors' business
during the two years immediately preceding the commencement of this
case.   Give particulars.

| Source | 2008 amount | 2007 amount | 2006 amount |
|--------|-------------|-------------|-------------|
| SSDI | 1,422.00 | 17,064.00 | |
| Broadspire | 3,200.00 | 14,137.00 | |
| VA disability | 4,900.00 | 39,600.00 | |

**3.a.   Payments to creditors**   a.   List all payments on loans, in-
stallment purchases of goods or services, and other debts, aggregating
more than $600 to any creditor, made within 90 days immediately pre-
ceding the commencement of this case.   (Creditors addresses and re-
maining balances appear on schedules D, E or F unless otherwise
indicated).

| Name and address of Creditor | Dates of payments | Amount paid | Amount still owing |
|--------|--------|--------|--------|
| Chase Home Finance LLC<br>P. O. Box 78116<br>Phoenix, AZ  85034-9700 | monthly | $7,583.67n | $250,891.19 |
| Great Western Credit Union<br>401 S. Yellowstone Dr.<br>Madison, WI  53719-1042 | monthly | $2,493.00 | $5,470.61 |

**3.b.**   List all payments made within one year immediately preced-
ing the commencement of this case to or for the benefit of creditors
who are or were insiders.   (Creditors addresses and remaining balances
appear on schedules D, E or F unless otherwise indicated).

| Name and address of Creditor and Relationship to Debtor | Dates of payments | Amount paid | Amount still owing |
|--------|--------|--------|--------|

**None; but see Schedules H and I concerning financial relationship of
petitioner and partner**

Doran Law Offices      2101 Fox Avenue      Madison, WI  53711-1920      (608) 255-2409

Petitioner: Julia M. White      Case No. ____

**4.a.  Suits and administrative proceedings, executions, garnish-
ments and attachments**  a.  List all suits and administrative proceed-
ings to which the debtors are or were parties within one year immedi-
ately preceding the filing of this bankruptcy case.

Caption of suit and case number   nature of proceeding   court or agency and location   status or disposition

**None**

**4.b.**  Describe all property that has been attached, garnished or
seized under any legal or equitable process within one year immediate-
ly preceding the commencement of this case.

Name and address of person whose benefit property was seized   date of seizure   description and value of property

**None**

**5.  Repossessions, foreclosures and returns**  List all property
that has been repossessed by a creditor, sold at a foreclosure sale, transf-
erred through a deed in lieu of foreclosure or returned to the seller, with-
in one year immediately preceding the commencement of this case.

Name and address of creditor or seller|date|description, value of property

None

**6.a.  Assignments and receiverships**  a.  Describe any assignment
of property for the benefit of creditors made within 120 days immedi-
ately preceding the commencement of this case.

Name and address of assignee    date of assignment    terms of assignment or settlement

**None**

**6.b.**  List all property which has been in the hands of a custodi-
an, receiver, or court-appointed official within one year immediately
preceding the commencement of this case.

Name and address of custodian|Name and location of court case title & number|date of order|description and value of property

**None**

**7.  Gifts**  List all gifts or charitable contributions made within
one year immediately preceding the commencement of this case except
ordinary and usual gifts to family members aggregating less than $200
in value per individual family member and charitable contributions
aggregating less than $100 per recipient.

Name and address of person or organization  relationship to debtor. if any   date of gift  description and value of gift

**None**

Doran Law Offices      2101 Fox Avenue      Madison, WI  53711-1920      (608) 255-2409

**Petitioner: Julia M. White     Case No. ____**

    **8.**   **Losses**   List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.

Description and value of property  description of circumstances and. if loss     date of loss
               was covered by insurance. give particulars

| Description and value of property | description of circumstances | date of loss |
|---|---|---|
| Home and contents | flooding, August 2007 | about $15,000 damage to house and contents including loss of value, no insurance |

    **9.**   **Payments related to debt counseling or bankruptcy**   List all payments made or property transferred by or on behalf of the debtors to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

Name and address of payee|date of payment|name of payor if other than debtor|amount or description and value of property

                    **As shown on disclosure of fees**

    **10.a.**  **Other transfers**   List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case.

Name and  address of transferee. relationship to debtor   date   describe property transferred and value received

**None**

    **10.b.** List all property transferred within 10 years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary

None

    **11.** Closed financial accounts   List all financial accounts and instruments held in the name of the debtors or for the benefit of the debtors which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.

Name and address of institution|type and number of account and amount of final balance|amount and date of sale or closing

**None**

Doran Law Offices     2101 Fox Avenue     Madison, WI  53711-1920     (608) 255-2409

Petitioner: Julia M. White      Case No. _____

**12. Safe deposit boxes**   List each safe deposit or other box or depository in which the debtors have or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.

| Name address of bank or other depository | names and addresses of those with access to box or depository | description of contents | date of transfer or surrender, if any |
|---|---|---|---|

**None**

**13. Setoffs**   List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtors within 90 days preceding the commencement of this case.

| Name and address of creditor | date of setoff | amount of setoff |
|---|---|---|

**None**

**14. Property held for another person**   List all property owned by another person that the debtors hold or control.

| Name and address of owner | description and value of property | location of property |
|---|---|---|

**None**

**15. Prior address of debtor**   If the debtors have moved within the two years immediately preceding the commencement of this case, list all premises which the debtors occupied during that period and vacated prior to the commencement of this case.

| Address | name used | dates of occupancy |
|---|---|---|

**None**

**16. Spouses and Former Spouses**   Identify the name of any debtor's spouse and of any former spouse who has resided with any debtor in Wisconsin or another community/marital property state in the last eight years.

None

17. Environmental Information
    a.  Sites for which governmental notice of possible liability has been received: None
    b.  Sites for which hazardous material report has been given: None
    c.  Judicial or administrative proceedings under environmental law: None

Doran Law Offices      2101 Fox Avenue      Madison, WI  53711-1920      (608) 255-2409

Petitioner: Julia M. White    Case No. _____

   18.-25.   Petitioner is not a corporation or partnership, and has
not in the last six years been an officer, director, managing executive,
or owner of more than 5 percent of the voting or equity securities of
a corporation; a partner, other than a limited partner, of a partner-
ship; a sole proprietor or self-employed professional.
   Except, however, that the petitioner holds a real estate broker's
license; no current sales or listings

   I declare under penalty of perjury that I have read the answers
contained in the foregoing statement of financial affairs, Schedules
A through J and any attachment thereto and that they are true and
correct.

_____    _____
date   2/19/08         Julia M. White

---

**DISCLOSURE OF COMPENSATION PAID OR PROMISED TO THE ATTORNEY FOR THE DEBTOR**

   Pursuant to 11 U.S.C. 329, the undersigned attorney states that
the total compensation paid or promised to him for services rendered or
to be rendered in connection with this case is as follows.

1.  Paid before the filing of the petition . .2/1/08 . . . . $  674.00

2.  Promised to be paid after the filing of the petition. . . $  826.00

3.  Total fee paid and promised . . . . . . . . . . . . . . . $1,500.00

   Subject to modification if additional services are rendered.
   The source of the compensation is the petitioner unless otherwise
indicated.   I have not shared or agreed to share any part of such
compensation with any person or entity other members or regular
associates of my law firm.

                              /s/Kenneth J. Doran_____
                              Kenneth J. Doran

---

**STATEMENT OF INTENTION**

The statement of intention is incorporated in Schedule D.

         Doran Law Offices    2101 Fox Avenue    Madison, WI  53711-1920    (608) 255-2409

Certificate Number: 00252-WIW-CC-003400627

# CERTIFICATE OF COUNSELING

I CERTIFY that on February 19, 2008 , at 1:25 o'clock PM EST ,

Julia White received from

Institute for Financial Literacy, Inc. ,

an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the

Western District of Wisconsin , an individual [or group] briefing that complied

with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared . If a debt repayment plan was prepared, a copy of

the debt repayment plan is attached to this certificate.

This counseling session was conducted by internet and telephone .

Date: February 19, 2008         By      /s/Dorothy Pilon

                               Name    Dorothy Pilon

                               Title   Credit Counselor

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy
Code are required to file with the United States Bankruptcy Court a completed certificate of
counseling from the nonprofit budget and credit counseling agency that provided the individual
the counseling services and a copy of the debt repayment plan, if any, developed through the
credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

B 22C (Official Form 22C) (Chapter 13) (01/08)

In re _Julia M. White_____
               Debtor(s)

Case Number: _____
            (If known)

| According to the calculations required by this statement: |
|---|
| ☑ **The applicable commitment period is 3 years.** |
| ☐ **The applicable commitment period is 5 years.** |
| ☐ **Disposable income is determined under § 1325(b)(3).** |
| ☑ **Disposable income is not determined under § 1325(b)(3).** |
| (Check the boxes as directed in Lines 17 and 23 of this statement.) |

## CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
## AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| | Part I. REPORT OF INCOME | | |
|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☑ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ☐ Married. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br>Debtor's<br>Income | **Column B**<br>Spouse's<br>Income |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ 0 | $ |
| 3 | **Income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** | | |
| | a.    Gross receipts     $ | | |
| | b.    Ordinary and necessary business expenses     $ | | |
| | c.    Business income     Subtract Line b from Line a | $ 0 | $ |
| 4 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.** | | |
| | a.    Gross receipts     $ | | |
| | b.    Ordinary and necessary operating expenses     $ | | |
| | c.    Rent and other real property income     Subtract Line b from Line a | $ 0 | $ |
| 5 | **Interest, dividends, and royalties.** | $ 0 | $ |
| 6 | **Pension and retirement income.** | $ 4,867.00 | $ |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. | $ 0 | $ |

B 22C (Official Form 22C) (Chapter 13) (01/08)                                                      2

| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act   Debtor $ 2,144.00   Spouse $ _____ | $ 0 | $ |
| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance. Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br><br>a.   $<br>b.   $ | $ 0 | $ |
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | $ 0 | $ |
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | $   4,867.00 | |

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| 12 | Enter the amount from Line 11. | $ 4,867.00 |
| 13 | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero.<br><br>a.   $<br>b.   $<br>c.   $<br><br>Total and enter on Line 13. | $ 0 |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $ 4,867.00 |
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $ 58,404.00 |
| 16 | **Applicable median family income.** Enter the median family income for applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence: Wisconsin3   b. Enter debtor's household size: 3 | $ 65,440.00 |
| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed.<br><br>☑ **The amount on Line 15 is less than the amount on Line 16.** Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement.<br><br>☐ **The amount on Line 15 is not less than the amount on Line 16.** Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| 18 | Enter the amount from Line 11. | $ 4,867.00 |

B 22C (Official Form 22C) (Chapter 13) (01/08)                                                                3

| 19 | **Marital adjustment. If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero.** | |
|---|---|---|
| | <table><tr><td>a.</td><td></td><td>$</td></tr><tr><td>b.</td><td></td><td>$</td></tr><tr><td>c.</td><td></td><td>$</td></tr></table> Total and enter on Line 19. | $ 0 |
| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | 4,867.00 |
| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $ 58,404.00 |
| 22 | **Applicable median family income.** Enter the amount from Line 16. | $ 65,440.00 |
| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br><br>☑ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. **Do not complete Parts IV, V, or VI.** | |

### Part IV. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.** Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|
| 24B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 16b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B.<br><br><table><tr><td colspan="2">**Household members under 65 years of age**</td><td></td><td colspan="2">**Household members 65 years of age or older**</td><td></td></tr><tr><td>a1.</td><td>Allowance per member</td><td></td><td>a2.</td><td>Allowance per member</td><td></td></tr><tr><td>b1.</td><td>Number of members</td><td></td><td>b2.</td><td>Number of members</td><td></td></tr><tr><td>c1.</td><td>Subtotal</td><td></td><td>c2.</td><td>Subtotal</td><td></td></tr></table> | $ |
| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). | $ |

B 22C (Official Form 22C) (Chapter 13) (01/08)                                                                    8

| 55 | **Qualified retirement deductions.** Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $ |
| 56 | **Total of all deductions allowed under § 707(b)(2).** Enter the amount from Line 52. | $ |

| 57 | **Deduction for special circumstances.** If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. **You must provide your case trustee with documentation of these expenses and you must provide a detailed explanation of the special circumstances that make such expenses necessary and reasonable.** | |

| | Nature of special circumstances | Amount of expense |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | | Total: Add Lines a, b, and c | $ |

| 58 | **Total adjustments to determine disposable income.** Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $ |
| 59 | **Monthly Disposable Income Under § 1325(b)(2).** Subtract Line 58 from Line 53 and enter the result. | $ |

## Part VI: ADDITIONAL EXPENSE CLAIMS

| 60 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total: Add Lines a, b, and c | $ |

## Part VII: VERIFICATION

| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)*<br><br>Date: _____2/19/08_____          _____(signature)_____<br>                                         **Julia M. White** |

UNITED STATES BANKRUPTCY COURT        WESTERN DISTRICT OF WISCONSIN

In re

Julia M. White,                                    Case No. _____

                        Debtor.


                        Payment Advices Cover Sheet


No payment advices (pay stubs) are attached; the debtor had no
income from any employer during the 60 days prior to filing the
bankruptcy petition.

_____2/19/08_____        _____Julia M. White_____
date                     Julia M. White


                Doran Law Offices        2101 Fox Avenue        Madison, WI  53711-1920        (608) 255-2409

Petitioner: Julia M. White       Case No. _____

CHAPTER 13 PLAN

1.  The petitioner will pay or cause to be paid to the trustee $300.00 per month for 60 months,  directly or by such assignment as the petitioner and the trustee may agree.

2.  From such funds paid in, the trustee will pay the following allowed claims in the order stated, except as otherwise provided in this plan or the schedule of debts:

      a.  Filing fees, attorneys fees, and administrative expenses as the court may direct.

      b..  The claim of  Chase Home Finance LLC, if proven as a fully secured home mortgage claim, shall, notwithstanding any other provision hereof, be treated as a continuing claim pursuant to 11 U.S.C. 1322(b)(5).  The petitioner shall make direct monthly payments to the creditor as if current, and such arrearage claim as may be proven shall be paid by the trustee concurrently with general secured claims. Any default on such claim may be cured pursuant to this paragraph, and shall not be deemed cured or waived otherwise. The creditor shall retain its lien on the petitioner's homestead until its claim is paid in full.  Such creditors shall provide monthly statements and payment materials to the debtor substantively conforming to the confirmed plan of reorganization and in other respects at least equivalent to those provided absent bankruptcy proceedings.

      c.  Secured claims, including any mortgage arrearage claims, in full, with interest on the declining balance at the rate of 8 percent, any higher rate stated in a proof of claim nothwithstanding except that mortgage arrearage claims shall bear no interest.
      Great Western Credit Union shall receive pre-confirmation adequate protection payment of $75 each on its two vehicle loans.

      d.  Other claims entitled to priority under 11 U.S.C. 507, in full with interest or present-value payments where provided by law.

      e.  Unsecured claims not placed in any other class, at the rate of such percent of the allowed claim as is possible from funds available, estimated by the petitioner at 5 percent.

3.  All adequate protections payments shall be made by the trustee except as otherwise provided.

4.  The petitioner shall have the right to sell or refinance any encumbered asset at any time, without further order or authorization of

Doran Law Offices    2101 Fox Avenue    Madison, WI  53711-1920    (608) 255-2409

Petitioner: Julia M. White      Case No. _____

the court, provided such sale or refinancing pays in full or has the
consent of all creditors with allowed or allowable claims secured by
such asset.  The petitioner may make payment to such creditors from
such sale or refinancing directly to the creditor, and the sale shall
otherwise be free and clear of liens.  The debtor shall thereupon
notify the trustee of such payment, and the secured claim shall be
satisfied for purposes of this Chapter 13 case.

5.  The petitioner shall have the right to surrender any encumbered
asset at any time, without further order of the court, to the holder of
the senior secured claim on such property, with notice to holders of any
junior secured claims on such property.  Secured claims on such property
shall thereupon be satisfied for purposes of this Chapter 13 case.

6.  Claims not filed, disallowed for failure to file a timely
claim, or otherwise not allowed will receive no payment under this
plan.

7.  Any default on any claim against the petitioner or his or her
property shall be deemed cured and waived.

8.  The property of the estate shall not vest in the petitioner on
the confirmation of the plan.  The petitioner shall have full possession
and control of all his or her property, with the right to dispose
thereof without court order.  The automatic stay of 11 U.S.C 362(a)
shall be in full effect, without regard to the existence of prior Title
11 cases that, but for this provision, would negate, terminate, or limit
the existence or effect of the automatic stay of 11 U.S.C 362(a).

9.  The petitioner may pre-pay any obligation under this plan at
any time, with the same effect as if paid in installments at the times
originally designated, without further notice to parties in interest or
order of the court, and without regard to whether the plan has been in
effect for 36 months or any other minimum time.  Payments above or in
addition to those required by the plan shall be considered prepayments
rather than additional payments, unless otherwise designated.

10.  Confirmation of this plan shall preclude a motion under 11
U.S.C. 1301(c), and the payments provided hereunder shall be in full
satisfaction of any claim with regard to which such a motion would be
required.

11.  The holder of an allowed secured claim that is to be paid under
the plan may retain the lien supporting such claim by so electing in
writing filed with the court and served on the petitioner before this
plan is confirmed; claim of security in a proof of claim shall not,
without more, constitute such an election.  A lien for which such
election has been made shall be retained until the secured claim is
paid.  On payment in full of an allowed secured claim for which lien
retention has been elected, and otherwise on confirmation of this plan
of reorganization, the creditor shall satisfy and release all liens on
which such secured status is based.  Discrete items of collateral shall

Doran Law Offices     2101 Fox Avenue     Madison, WI  53711-1920     (608) 255-2409

Petitioner: Julia M. White    Case No. _____

at petitioner's option be allowed as separate secured claims.

12.  No claim shall be protected from disallowance or modification
solely on account of having been filed prior to confirmation of this
plan of reorganization.  Except as otherwise provided by order of the
court, each claim shall be allowed, disallowed or modified under
applicable statutes and rules without regard to whether such claim and
any objection thereto were filed before or after confirmation of this
plan of reorganization.

13.  All lawsuits and other proceedings to enforce in any court or
forum a claim provided for in this Chapter 13 case shall be dismissed on
confirmation of this plan of reorganization.  Confirmation shall
constitute an order to the holder of such claim to obtain such
dismissal, and shall modify the automatic stay to any extent necessary
to permit such dismissal.  Such dismissal may be without prejudice,
subject to the petitioner's right to seek other terms in the tribunal
where the matter is pending.


_____2/19/08_____        _____/s/ M. White_____
date                     Julia M. White


Doran Law Offices    2101 Fox Avenue    Madison, WI  53711-1920    (608) 255-2409

UNITED STATES BANKRUPTCY COURT          WESTERN DISTRICT OF WISCONSIN

In re

Julia M. White,                         Case No. _____

                    Debtor.

                              DECLARATION RE: ELECTRONIC FILING

---

**PART I - DECLARATION OF PETITIONER:**  I, Julia M. White, the undersigned debtor, hereby declare under penalty of perjury that the information I have given or will give my attorney and the information provided in the electronically filed petition, statements and schedules is true and correct.  I consent to my attorney sending my petition, this declaration, statements and schedules and any future amendments of these documents to the United States Bankruptcy Court, United States Trustee and Panel Trustee.  I understand that this declaration re: electronic filing is to be filed with the Clerk after the petition has been filed electronically but, in any event, no later than 5 business days after the petition has been filed.  I understand that failure to file the signed original of this declaration may cause my case to be dismissed.

I am aware that I may be able to proceed under chapter 7, 11, 12, or 13 of Title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.  I request relief in accordance with the chapter specified in the petition.

___2/19/08___          ___Julia M. White___
date                   Julia M. White

**PART II - DECLARATION OF ATTORNEY:**  I declare under penalty of perjury that the debtor) signed this Declaration before I submitted the petition, schedules, and statements.  I have informed the individual petitioner that he or she may proceed under chapter 7, 11, 12 or 13 of Title 11, United States Code, and have explained the relief available under each such chapter.

___2/19/08___          ___Kenneth Doran___
date                   Kenneth J. Doran
                       License Number: 1016351
                       Doran Law Offices
                       2101 Fox Avenue
                       Madison, WI  53711-1920
                       (608) 255-2409 voice
                       (800) 357-2409
                       kendoran@execpc.com